IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03536-PAB

ANDREA LIRA CASTANEDA,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.

---

## ORDER

---

     The matter before the Court is the Motion to Remand to State Court [Docket No. 15]. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a response. Docket No. 19. Plaintiff Andrea Castaneda filed a reply. Docket No. 20.

### I.     BACKGROUND

     On March 15, 2024, Ms. Castaneda filed suit against State Farm and Baleria Rodriguez in the District Court for Arapahoe County, Colorado, for injuries she sustained as part of a traffic accident involving multiple automobiles. Docket No. 5 at 1–3, ¶¶ 1–27. Ms. Castaneda, State Farm, and Ms. Rodriguez attended a global mediation on October 24, 2024. Docket No. 15 at 1–2, ¶ 2; Docket No. 19 at 2. That same day, Ms. Castaneda and Ms. Rodriguez filed a notice of settlement in the Arapahoe County court case. Docket No. 19-1. On November 27, 2024, Ms. Castaneda and Ms. Rodriguez filed a stipulated motion to dismiss Ms. Castaneda's claims against Ms. Rodriguez with prejudice pursuant to Colorado Rule of Civil

Procedure 41(a)(2).  Docket No. 19-2.  The Arapahoe County court granted the motion

on December 8, 2024 and dismissed Ms. Rodriguez from the case.  Docket No. 19-3.

On December 20, 2024, State Farm removed this case to federal court.  Docket

No. 1.  The notice of removal explains that Ms. Rodriguez and Ms. Castaneda are both

Colorado citizens.  *Id.* at 3.  However, State Farm claims that, because Ms. Rodriguez

was dismissed from the case, a federal court can now exercise diversity jurisdiction over

Ms. Castaneda's claims against State Farm.  *Id.* at 3, 5–6.  On January 14, 2025, Ms.

Castaneda filed a motion to remand the case to state court, arguing that State Farm

failed to remove this case within thirty days of when State Farm was first aware that the

case was removable.  Docket No. 15.  State Farm responded on February 4, 2025,

Docket No. 19, and Ms. Castaneda replied on February 10, 2025.  Docket No. 20.

## II.    LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction."  28 U.S.C.

§ 1441(a).  There are two basic statutory grounds for original jurisdiction in federal

district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity

jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231,

1235 (10th Cir. 2003).  Pursuant to § 1332, "district courts shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States."  28

U.S.C. § 1332(a).  If "the case stated by the initial pleading is not removable, a notice of

removal may be filed within 30 days after receipt by the defendant, through service or

otherwise, of a copy of an amended pleading, motion, order or other paper from which it

may first be ascertained that the case is one which is or has become removable."  28

U.S.C. § 1446(b)(3).  "Federal district courts must strictly construe their removal

jurisdiction."  *Env't. Remediation Holding Corp. v. Talisman Cap. Opportunity Fund,*

*L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).

### III.    ANALYSIS

The parties dispute whether State Farm's removal was timely.  Ms. Castaneda

argues that the October 24, 2024 notice of settlement constitutes a "paper from which it

may first be ascertained that the case is one which is or has become removable."[1]

Docket No. 15 at 2, ¶ 4 (quoting 28 U.S.C. § 1446(b)(3)).  State Farm responds that the

Arapahoe County court did not grant the motion to dismiss Ms. Rodriguez until

December 8, 2024.  Docket No. 19 at 2.  It maintains that, until Ms. Rodriguez was

dismissed by the court, the case did not meet the requirements of complete diversity.

*Id.* at 4 (citing *Moore v. JP Morgan Chase Bank, N.A.*, 2013 WL 12218264, at *1 (N.D.

Okla. Nov. 22, 2013) ("The Supreme Court has . . . determined that a federal district

court lacks diversity jurisdiction over a case when a non-diverse defendant has reached

a settlement with the plaintiff but has not been dismissed from the case at the time of

removal." (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996))).  State Farm claims that

---

[1] Ms. Castaneda argues that State Farm also had notice that the case had become
removable when State Farm was told at the mediation that Ms. Castaneda had settled
her claims against Ms. Rogriguez.  Docket No. 15 at 3, ¶ 9.  State Farm admits that its
attorneys "were told by the mediator, the Honorable Edward Bronfin (ret.), that Plaintiff,
as well as several other individuals, had agreed to accept various sums globally, to
resolve their respective claims against Ms. Rodriguez."  Docket No. 19 at 2.  However,
this oral communication regarding the settlement does not meet the criteria of
§ 1446(b)(3), which requires a written "amended pleading, motion, order or other
paper."  28 U.S.C. § 1446(b)(3); *see also Morgan v. Huntington Ingalls, Inc.*, 879 F.3d
602, 609 (5th Cir. 2018) ("The plain meaning of each of these words suggests that the
information giving notice of removal must be contained in a writing.").

the first time it could ascertain "that the case is one which is or has become removable" was on December 8, 2024.[2]  *Id.* at 3 (emphasis omitted) (quoting 28 U.S.C. § 1446(b)(3)).  Moreover, it argues that, because Ms. Castaneda's settlement with Ms. Rodriguez was part of a global settlement among many different parties, any one of which could have chosen not to go through with the settlement agreement, State Farm could not be certain the case was removable until Ms. Rodriquez was dismissed from the case.  *Id.* at 5.

"Federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope."  *State Farm Fire & Cas. Co. v. Valspar Corp.*, 824 F. Supp. 2d 923, 933 (D.S.D. 2010) (alterations omitted) (quoting 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (4th ed. 2009)).  Some earlier cases have found that a notice of settlement is sufficient to provide notice that a case has become removable.  *See Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 587 (W.D. Tex. 1992) ("A settlement between a plaintiff and the non-diverse defendant is final enough to support removal, even if the non-diverse defendant has not been severed from the case." (citing *Chohlis v. Cessna Aircraft Co.,* 760 F.2d 901, 903 n.2 (8th Cir. 1985); *Hessler v. Armstrong World Industries, Inc.,* 684 F. Supp. 393, 395 (D. Del. 1988); *Erdey v. Am. Honda Co.*, Inc., 96 F.R.D. 593, 599 (M.D. La. 1983), *on reconsideration*, 558 F. Supp. 105 (M.D.

---

[2] Neither party addresses whether the stipulated motion to dismiss constituted a "motion . . . from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Even if the Court were to find that the motion satisfied § 1446(b)(3), because the motion was filed on November 27, 2024 and State Farm removed the case on December 20, 2024, State Farm's removal would be timely.  Therefore, Ms. Castaneda must show that the notice of settlement provided adequate notice to trigger the thirty day period for removal under § 1446(b)(3).

La. 1983); *Lesher by Lesher v. Andreozzi*, 647 F. Supp. 920, 922 (M.D. Pa. 1986).

However, more recent cases have been skeptical that a notice of settlement is sufficient

to support removal.  *See*, *e.g.*, *Reid v. Am. Com. Ins. Co.*, 2007 WL 1173030, at *3

(E.D. Ky. Apr. 19, 2007); *Allison v. Meadows*, 2005 WL 2016815, at *3 (S.D.W. Va. Aug.

22, 2005).  These courts have found that the plain language of § 1446 requires the non-

diverse party to no longer be a party to the case.  *Motley v. Option One Mortg. Corp.*,

620 F. Supp. 2d 1297, 1300 (M.D. Ala. 2009) ("the plain language of § 1446 provides

sufficient guidance on the question.  Section 1446 states that the 30-day removal clock

begins to run when it may first be ascertained that the case 'is' or 'has become'

removable.  Where removal is premised on 28 U.S.C. § 1332, an action is not

removable until the non-diverse party is no longer a party to the suit."); *Howell v. State

Farm Mut. Auto. Ins. Co.*, 2017 WL 1506053, at *4 (E.D. La. Apr. 27, 2017) ("While

written confirmation of settlement put Defendant on notice that the case might become

removable, such notice is insufficient to trigger the thirty-day time limit of § 1446(b)(3).").

Instead, "for a case to become removable as a consequence of a settlement between

the plaintiff and the only nondiverse party, a defendant must be able to establish with a

reasonable degree of certainty that dismissal of the nondiverse defendant is an

inevitability."  *Allison*, 2005 WL 2016815, at *3; *Hall v. Miller*, 2020 WL 465868, at *2

(E.D. Ky. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 465031 (E.D.

Ky. Jan. 28, 2020) ("A case can become removeable following a settlement between the

plaintiff and a non-diverse party if there is a reasonable degree of certainty that

dismissal of the nondiverse defendant is an inevitability." (citation and quotation

omitted)); *Hunt v. Jack V. Waters, D.C., P.C.*, 2019 WL 5895782, at *2 (D.N.M. Nov. 12,

2019) (a notice of settlement is sufficient basis for removal to federal court so long as

"the settlement [is] binding, unequivocal, and enforceable under state law"). Courts

have cautioned that "[s]ettlement negotiations are fraught with uncertainty and are often

thwarted by a last minute change of heart or a debate over minutiae at the signing

table." *Allison*, 2005 WL 2016815, at *3.

The facts of this case demonstrate why the notice of settlement is insufficient to

trigger the thirty-day window for removal. The settlement notice states that "Plaintiff has

reached a settlement of all claims asserted herein against Defendant Baleria Iniquez

Rodriguez only. Dismissal papers will be filed after the settlement Release is executed

and the funds are received by Plaintiff." Docket No. 15-1 at 1. In other words, the

notice of settlement indicated that further steps were required for the settlement to be

finalized. The notice is also signed only by Ms. Castaneda. *Id.* It does not demonstrate

that Ms. Rodriguez agreed that a settlement had been reached. Moreover, as State

Farm points out, the settlement was part of a larger global settlement of several different

individuals' claims against Ms. Rodriguez, which further increased the uncertainty

surrounding the settlement. Docket No. 19 at 5. State Farm was not part of the

mediation involving Ms. Rodriguez and did not receive a copy of the settlement

agreement. *Id.* at 2.

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it

follows that the defendant has the burden of establishing that removal is proper."

*Proman o/b/o M/Y "EASTBOUND AND DOWN" v. Gatsby Yacht Grp., LLC*, 599 F.

Supp. 3d 127, 129 (E.D.N.Y. 2022) (citation omitted). Armed only with the notice of

settlement, State Farm could not have shown that there was "a reasonable degree of

certainty that dismissal of the nondiverse defendant [was] an inevitability," such that the case had become removable to federal court. *Allison*, 2005 WL 2016815, at *3; *see also Howell*, 2017 WL 1506053, at *4 ("In fact, if Defendant had attempted to remove the case in August 2016, when it was first notified of the settlement, it would have been unable to do so, as Progressive remained a party to the case until September 2016.").

Moreover, although Ms. Castaneda filed her notice of settlement on October 24, 2024, she and Ms. Rodriguez did not file a stipulated motion to dismiss Ms. Rodriguez from the case until November 27, 2024. The stipulated motion was made pursuant to Colorado Rule of Civil Procedure 41(a)(2). Like the analogous federal rule, Colorado Rule of Civil Procedure 41 provides two ways of dismissing a party. *Compare* Colo. R. Civ. P. 41 *with* Fed. R. Civ. P. 41. Rule 41(a)(1) provides for the dismissal of a party without a court order, so long as all the parties sign the stipulation. Colo. R. Civ. P. 41(a)(1). However, State Farm did not sign the stipulated motion. Docket No. 19-2. Instead, Ms. Castaneda and Ms. Rodriguez filed their motion to dismiss Ms. Rodriguez pursuant to Rule 41(a)(2), which requires the dismissal to be approved by the court on terms and conditions that the court may impose. *Application for Water Rts. of Hines Highlands Ltd. P'ship*, 929 P.2d 718, 728–29 (Colo. 1996) ("The determination of the terms and conditions of dismissal under Rule 41(a)(2) is discretionary with the trial court."). Thus, after the filing of the notice of settlement in late October 2024, there were a number of contingencies that took place before the court actually dismissed the non-diverse party on December 8, 2024.

The plain language of § 1446(b)(3) requires State Farm to remove the case after the case "has become removable." 28 U.S.C. § 1446(b)(3). To satisfy this requirement,

Ms. Rodriguez must either no longer be a party to the case or her dismissal must be inevitable. *Motley*, 620 F. Supp. 2d at 1300 ("Where removal is premised on 28 U.S.C. § 1332, an action is not removable until the non-diverse party is no longer a party to the suit."); *Allison*, 2005 WL 2016815, at *3 ("a defendant must be able to establish with a reasonable degree of certainty that dismissal of the nondiverse defendant is an inevitability"); *Hall*, 2020 WL 465868, at *2 (same).  Here, the Court finds that the notice of settlement did not provide adequate notice that the case was or had become removable.  28 U.S.C. § 1446(b)(3).  Instead, the thirty-day period began to run on the date that the non-diverse party was dismissed.  Therefore, State Farm's removal was timely, and the Court will deny the motion to remand.

## IV.    CONCLUSION

It is therefore

**ORDERED** that the Motion to Remand to State Court [Docket No. 15] is **DENIED**.

DATED April 25, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge